**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sprout Financial, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>CapFund Enterprises Inc., et al.,<br><br>Defendants. | No. CV-19-05226-PHX-SPL<br><br>**ORDER** |

Plaintiff Sprout Financial, LLC, a Delaware limited liability company ("Sprout") filed suit against two entities and a married couple alleging various causes of action under contract and corporate law. (Doc. 1-3) CapFund Enterprises, Inc., a Delaware corporation ("CapFund"), Funded, LLC, a Nevada limited liability company ("Funded"), Brian and Jennifer Sciara (together with Capfund and Funded, the "Defendants") filed a motion to stay applying the first to file rule (the "Motion"). (Doc. 11) The Motion is fully briefed, and the Court's ruling is as follows.

**I. Background**

On September 5, 2018, Brian Sciara filed an action in the United States District Court for the District of Nevada (the "Nevada Action") alleging essentially that he and Stephen Campbell ("Campbell") had been engaged in a joint venture named "Sprout Financial" and that Sciara was entitled to his share of the profits and obligations of such joint venture. (Doc. 11-1; Case No. CV-18-010700-DJA) Among various financial relief,

Sciara notably asked for declaratory relief that he, along with Campbell, has an undivided one-half interest in Sprout Financial. (Doc. 11-1 at 14) On October 3, 2018, Campbell moved to dismiss the Nevada Action based on lack of personal jurisdiction. The Nevada District Court granted the motion to dismiss on September 27, 2019. (Doc. 11-12)

On February 26, 2019, Sprout filed an action in the United States District Court for the District of Arizona (the "First Arizona Action") against the exact same defendants as this case. (Doc. 11-2; Case No. CV-19-1349-PHX-DJH) The First Arizona Action alleged tortious interference with business relationships and sought declaratory relief regarding the ownership of Sprout Financial, asking the court to find that Sciara and CapFund did not own any interest in Sprout. (Doc. 11-2) The First Arizona Action was voluntarily dismissed after the court in that case denied a joint motion to stay discovery when the parties were engaged in substantial settlement discussions in the Nevada Action.

On August 16, 2019, Sprout filed a complaint in state court and Defendants removed it to federal court, such complaint being the operative complaint in this case. (Docs. 1, 1-3) On September 27, 2019, on the day of the dismissal of the Nevada Action, Defendants filed an unopposed motion for enlargement of time to respond to the complaint. (Doc. 8) In that motion, Defendants informed the Court that they needed to "re-tool and possibly re-confer with opposing counsel . . . before filing a responsive pleading. The additional time stipulated to herein [would] allow [D]efendants to do so." (Doc. 8 at 2) The Court granted Defendants until October 4, 2019 to file such responsive pleading and noted that "no further extensions will be granted." (Doc. 10) On October 4, 2019, Defendants filed the Motion.

## II.   Legal Standard

Defendants have requested that the Court stay the proceedings in this case under the first-to-file rule because of the proceedings taking place in the United States District Court for the District of Nevada. Under that rule, when "cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *Cedars-Sinai Med. Ctr. V. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997); *see also Kohn Law*

*Group Inc. v. Auto Parts Mfg.*, 787 F.3d 1237, 1239 (9th Cir. 2016); *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991). In deciding whether to apply the first-to-file rule, the Court looks at: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. *Kohn*, 787 F.3d at 1240; *see also Club Vista Fin. Servs., LLC v. Maslon Edelman Borman & Brand, LLP*, 2010 WL 2231926, at *6 (D. Ariz. June 2, 2010).

**III. Analysis**

**1. The Status of the Nevada Action**

As a threshold matter, the Court must decide whether the first-to-file rule even applies based on the status of the Nevada Action. Indeed, the Nevada Action was dismissed based on lack of personal jurisdiction and Defendants filed a motion for reconsideration. The Court was informed on January 23, 2020 that the motion for reconsideration was denied. (Doc. 15) Defendants notified the Court on January 28, 2020 that they filed an appeal of the judgment entered in the Nevada Action. (Doc. 16) The situation here is then one where the Nevada Action is pending on appeal to the United States Court of Appeals for the Ninth Circuit as of the date of this order.

Plaintiff argues in its opposition to the Motion that the rule cannot apply because the Nevada Action was terminated and, even though Defendants had filed a motion for reconsideration in the Nevada Action, it was very unlikely to be granted because such motions are rarely granted. (Doc. 13 at 5–7) Indeed, the Nevada Court denied the motion for reconsideration, which caused the above-mentioned appeal by Defendants. Although the situation is slightly different procedurally from when the parties filed their motion and briefing on the stay issue, it is similar in the sense that the judgment in the Nevada Action is under review. It is true that the Ninth Circuit will review the denial of a motion for reconsideration under an abuse of discretion standard, which makes it unlikely that the decision will be reversed and the Nevada Action reopened. However, it is a possibility and one which would effectively cause a lot of issues as explained more fully below. Accordingly, the Court finds that the filing of an appeal in the Nevada Action prevents it

from concluding that the Nevada Action is terminated for purposes of the first-to-file-rule.[1]

### 2. The Application of the First-to-File Rule

Turning now to the three factors of the first-to-file rule, the Court finds that the first one of such factors, the chronology of the two actions, can be summarily disposed of: the Nevada Action was filed first, before this action, and accordingly, the Court will grant the stay of the proceedings in this case if it finds that the two other factors support it.

Regarding the second and third factors, the decision is not as straightforward. Indeed, the parties vigorously dispute that the issues and the parties are similar. The Court analyzes each factor in turn.

### a. Same Parties

In the Nevada Action, the only two parties were Sciara and Campbell. (Doc. 11-1) The parties in this action are: Sprout Financial, LLC as Plaintiff, and CapFund Enterprises, LLC, Funded, LLC, and Brian and Jennifer Sciara as Defendants. (Doc. 1-3) On the face of the respective complaints, the first-to-file rule would appear inapplicable. Nevertheless, Defendants have argued that the parties do not need to be identical but only substantially similar. (Doc. 11 at 6) It is true that cases have held that an exact match between the parties in the two actions is not required. *See Kohn*, 787 F.3d at 1241; *see also Harris Cnty., Tex. v. CarMax Auto Superstores Inc.*, 177 F.3d 306, 319 (5th Cir. 1999); *Adoma v. Univ. of Phx., Inc.*, 711 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010) (citing *Inherent.com v. Martindale–Hubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006)); *see generally Pacesetter Sys., Inc. v. Medtronic*, Inc., 678 F.2d 93, 95 (9th Cir. 1982) (noting that the first-to-file rule should not be applied "mechanically"). The Court must be cautious not to apply the rule mechanically and keep in mind its underlying policy: to promote judicial economy, consistency, and comity. *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604 (5th Cir. 1999). Indeed, like the Ninth Circuit reasoned in *Kohn* and *AllTrade*,

---

[1] The Court is aware that, in some circumstances, the filing of an appeal will not affect the finality of a judgment, such as for purposes of collateral estoppel. The Court finds that the procedural posture of this case and the rule being used by Defendants is not a similar situation.

4

mechanically applying the rule based on the presence of identical parties in both actions would allow parties to defeat it simply by omitting one defendant in either action, which would severely undermine and restrict its application.

Applying those principles to this case, the Court finds that the parties are substantially similar. It is true that on the face of the complaints, Brian Sciara is the only common party between the two actions. If the Court applied the rule mechanically, the analysis would stop here. However, the Court must not do so and will examine which parties are involved to assess whether they are substantially similar. Brian Sciara is a party in both cases, and his wife, Jennifer Sciara, appears to be named in this case based on Arizona's community property law, which does not make a substantial difference for purposes of the first-to-file rule. Sprout Financial, LLC is the Plaintiff in this case but was not named in the Nevada Action. CapFund and Funded are two entities named as Defendants in this case but not in the Nevada Action. Importantly, CapFund and Funded are wholly owned by Sciara. (Doc. 1-3 at 18, ¶ 15)

The Court is aware and mindful of the legal principles allowing an entity, whether a corporation or limited liability company, to sue or be sued in its own name and independently from its shareholders, members, directors, and/or managers. Sprout has asserted claims on its own behalf as an entity in this case. It has asserted claims against two other entities, CapFund and Funded, in addition to claims against Sciara individually. The Court finds however that it cannot look at this case without concluding that the parties are substantially similar to the Nevada Action. Indeed, Sciara is the sole owner of both CapFund and Funded and Campbell alleges he is the sole member of Sprout, although this last piece is the key issue in the Nevada Action. If the Court were to find that the parties are not substantially similar here, it would essentially negate the policy underlying the first-to-file rule and allow gamesmanship in other similar cases. Indeed, each time issues of joint venture ownership with multiple entities and individuals arose, a party would be able to circumvent the rule by adding other entities to the second action although the actual owners and members of the various entities are the exact individuals involved in both actions over

the same set of factual allegations. Accordingly, the Court finds that the parties are substantially similar between the Nevada Action and this case.

### b. Same Issues

The Court now examines the complaints in both cases to assess whether the issues raised in both actions are substantially similar. Like for the similarity of parties, the issues do not need to be identical between the two actions but only substantially similar. *See Kohn*, 787 F.3d at 1240–41. In the Nevada Action, Sciara sought declaratory relief that he owned a 50% interest in the joint venture named "Sprout Financial" and its subsidiaries and that the entity needed to be dissolved, assets and liabilities allocated equally between Sciara and Campbell. (Doc. 11-1 at 14) He also alleged that Campbell stripped all assets from CapFund, which Sciara owns alone, for use in the alleged "Sprout Financial" joint venture. (Doc. 11-1 at 7–9) In this case, there is a similar claim from Sprout requesting declaratory judgment, but it is the opposite of Sciara's claim in the Nevada Action: that Campbell wholly owns Sprout Financial and its subsidiaries. (Doc. 1-3 at 28) Those two claims are the opposite sides of the same coin.

Additionally, in this case, Sprout brought several other claims: (1) tortious interference with business relationships against all Defendants; (2) civil fraud against the Sciaras and CapFund; (3) fraud in the inducement against the Sciaras and CapFund; and (4) breach of fiduciary duty against Brian Sciara, in the event the Court finds that he owned part of Sprout. (Doc. 1-3 at 24–29) Clearly, the breach of fiduciary duty claim is directly related to the key issue in the Nevada Action, whether Sciara owns an interest in Sprout. The remainder of the claims stems from the same set of facts which gave rise to the Nevada Action: the parties engaged in talks trying to engage in a joint venture, agreements were drafted but apparently never finalized, and there existed a business relationship between Sprout and CapFund based on representations Sciara had made. Defendants made a convincing argument in their motion and their reply: there is a high likelihood, if not certainty, that if the Nevada Action is reopened, the claims asserted in this case will become compulsory counterclaims which Plaintiff will be compelled to bring in the Nevada Action

or else they would be waived. (Doc. 11 at 5:1–7; 14 at 1–2) Although such argument was made when the motion for reconsideration was pending, the Court finds it as persuasive and applicable when an appeal is pending to reopen the case. Accordingly, the Court finds that the claims in this case are substantially similar for purposes of the first-to-file rule, in part because they would very likely be compulsory counterclaims in the Nevada Action if it was reopened. It is true that the possibility of a reversal and remand on appeal is small given the applicable standard of review, but the Court finds that it does not alone justify rejecting the application of the first-to-file rule specifically given the similarity of parties and issues.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Stay Applying First to File Rule (Doc. 11) is **granted in full**.

**IT IS FURTHER ORDERED staying** the proceedings in this case pending resolution of the appeal filed with the United States Court of Appeals for the Ninth Circuit.

**IT IS FURTHER ORDERED** that the parties shall inform the Court of the outcome in the appeal, within **7 business days** of the decision by the Ninth Circuit, by filing with the Court a copy of the decision from the United States Court of Appeals for the Ninth Circuit.

Dated this 26th day of March, 2020.

Honorable Steven P. Logan
United States District Judge